WHITTEMORE & a. v. CARKIN.

The levy of an execution on an equity of redemption, which failed because the debtor had a homestead right in the equity levied upon of greater value, of which the execution creditor had notice, will not bar an action on the judgment, under Gen. St., *c*. 201, *s*. 5.

DEBT, on a judgment.  Plea, the levy of an execution issued on the judgment upon an equity of redemption in land, the sale of the equity under the levy to the plaintiffs, and the return of the execution satisfied.  Replication, that the levy failed by reason of the homestead right of the defendant in the equity of redemption of greater value than the equity levied upon.  Rejoinder, that the plaintiffs, at the time of the levy, had knowledge of the defendant's homestead right, and, in view of all the circumstances, directed the officer to proceed

with the levy, and purchased the equity at the execution sale.   Sur-
rejoinder, that, at the time of the levy and sale, the plaintiffs, in good
faith, understood that the defendant had abandoned his homestead
right, and had good reason to suppose that the defendant then had no
homestead right in the equity levied upon.   Demurrer to the sur-
rejoinder.

*Woodward & Wellington* and *G. Y. Sawyer & Sawyer, Jr.*, for the
plaintiffs.

*Faulkners & Batchelder*, for the defendant.

ALLEN, J.   A purchase of the equity of redemption by the plaintiffs,
with notice of the defendant's claim to a homestead right, was no
waiver of the remedy provided by statute (Gen. St., c. 201, s. 5) for a
failure to secure the property levied upon.   The levy was made in
good faith, and was an honest endeavor to collect the judgment, and
the law does not make the failure of one attempt a bar to another.
There was no agreement to accept the possibility of gaining a title in
satisfaction of the judgment, nor to forego the use of the statute rem-
edy in case the levy proved fruitless.   A waiver of the right to use the
remedy could not be implied by the failure of an attempt for which the
remedy was provided.

The plaintiffs were not estopped from claiming the remedy.   Their
proceeding did not take the land from the defendant, nor mislead him,
nor in any way cause him to change his position.   The plaintiffs took
nothing by their levy, and the failure to gain a title was not caused
by the levy nor by any fault of theirs.   The statute remedy operates
in this case with the same force that it would if the execution had been
levied upon land owned by a third person, of whose title the plaintiffs
had notice.   *Barker* v. *Wendell*, 12 N. H. 119.   The defendant's rejoin-
der was not a sufficient answer to the replication.

*Case discharged.*

BINGHAM, J., did not sit :   the others concurred.